IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-27-BO

| | | |
|---|---|---|
| PATSY TALLEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DALE R. FOLWELL, individually and in his official capacity as TREASURER OF THE STATE OF NORTH CAROLINA; TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM (TSERS) OF NORTH CAROLINA; NORTH CAROLINA DEPARTMENT OF STATE TREASURER, RETIREMENT SYSTEMS DIVISION; and the members of the TSERS Board of Trustees, both individually and in their official capacity: LENTZ BREWER, JOHN EBBIGHAUSEN, VERNON GAMMON, DIRK GERMAN, BARBARA GIBSON, LINDA GUNTER, OLIVER HOLLEY, GREG PATTERSON, MARGARET READER, JOSHUA SMITH, CATHERINE TRUITT, JEFFREY WINSTEAD, and THE STATE OF NORTH CAROLINA, | ) | |
|     Defendants. | ) | |

This cause comes before the Court on defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and a hearing on the matter was held before the undersigned on October 21, 2022, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling. For the reasons that follow, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff worked as a schoolteacher in the Beaufort County, North Carolina school system for more than twenty-five years and retired at age sixty on November 1, 2008. Compl. ¶ 20. Plaintiff participated in the Teachers' and State Employees' Retirement System (TSERS) and had accrued vested retirement benefits prior to her retirement. *Id.* § 21. When she retired, plaintiff elected to receive her monthly TSERS benefit payments under the "Social Security Leveling" method. *Id.* § 23; *see also* N.C. Gen. Stat. § 135-5(g). The Social Security Leveling method allows a retiree to draw more money from her TSERS account before she reaches the age of sixty-two and becomes eligible to draw Social Security; once the retiree begins to draw Social Security, the TSERS amount is reduced, with the goal of providing the retiree approximately the same monthly benefit amount before and after she becomes eligible for Social Security. *Id.* ¶ 24. TSERS is responsible for calculating a retiree's benefits. *Id.* ¶ 22.

In 2008, through no fault of plaintiff, an error was made in the calculation of plaintiff's benefits, resulting in plaintiff being overpaid for a period of years. *Id.* ¶ 27. Plaintiff received a letter on February 22, 2019, informing her that she had been overpaid $86,173.93 from November 2008 through July 2018. *Id.* ¶ 29. Plaintiff was further informed that the overpayment would be recouped in accordance with the procedure provided in N.C. Gen. Stat. § 135-9(b). *Id.* ¶ 30. Plaintiff was informed in March 2019 that beginning in April 2019 her TSERS benefit checks would be reduced by $926.35. This letter contained no information regarding appeal rights or an opportunity to be heard regarding the reduction. *Id.* ¶¶ 31-32. Plaintiff's son responded on her behalf by email on April 8, 2019, and on April 18, 2019, plaintiff was informed that her retirement check would be reduced by $926.35, approximately half of her monthly benefit, and was informed that she could appeal the reduction. *Id.* ¶ 34. Counsel for plaintiff responded, asking that the email

2

from plaintiff's son be deemed an appeal. Plaintiff's retirement check began to be reduced in April 2019. *Id.* ¶¶ 35-36.

In June 2019, plaintiff filed a petition in the Office of Administrative Hearings in which she sought a post-deprivation hearing regarding the taking of her property and property rights. *Id.* ¶ 39. On August 26, 2019, plaintiff was informed that her monthly recoupment of overpayment amount would be reduced to ten percent of plaintiff's TSERS benefit as opposed to fifty percent. Plaintiff alleges that this decision was as arbitrary and capricious as the decision in April 2019 to reduce her monthly benefit by fifty percent. *Id.* ¶ 40. On February 19, 2020, an administrative law judge dismissed plaintiff's petition in the Office of Administrative Hearings, holding in part that a constitutional challenge to the recoupment statute was not appropriately heard in a contested case before the Office of Administrative Hearing. [DE 4-4]. The administrative law judge further found respondents entitled to summary judgment, denied petitioner's motion for summary judgment, and dismissed the petition. *Id.*

Plaintiff filed this suit on March 31, 2022, on behalf of herself and others similarly situated. Plaintiff alleges claims under 42 U.S.C. § 1983 for deprivation of procedural due process, equal protection, and substantive due process rights provided by the Fifth and Fourteenth Amendments. Plaintiff further alleges she was deprived of procedural due process, equal protection, and substantive due process rights as provided by the North Carolina Constitution. After defendants filed their motion to dismiss, plaintiff voluntarily dismissed all claims against defendants State of North Carolina, TSERS, and the North Carolina Department of State Treasurer, Retirement Systems Division. [DE 18]. Plaintiff further dismissed her supplemental state law claims alleging violation of her rights provided by the North Carolina Constitution. Accordingly, remaining for

3

adjudication is whether plaintiff's claims that the individual defendants violated plaintiff's federal constitutional rights survive defendants' motion to dismiss.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible."

4

*Twombly*, 550 U.S. at 570. When considering a Rule 12(b)(6) motion, a court may consider any exhibits attached to the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

A. *The Eleventh Amendment bars plaintiff's claims against defendants in their official capacity.*

Plaintiff does not appear to dispute that her claims for damages against the individual defendants in their official capacities is barred by the Eleventh Amendment. *See Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Huang v. Bd. of Governors of Univ. of N. Carolina*, 902 F.2d 1134, 1138 (4th Cir. 1990); *see also Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003). In her response to the motion to dismiss, however, plaintiff argues that she may nonetheless obtain prospective relief against these defendants under *Ex Parte Young*, 209 U.S. 123 (1908). Under *Ex Parte Young*, "federal courts may exercise jurisdiction over claims against state officials by persons at risk of or suffering from violations by those officials of federally protected rights, if (1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998).

Plaintiff argues that she seeks prospective injunctive relief to "stop Defendants from continuing to interpret the state recoupment statute as allowing it to engage in the kind of actions it took here against Petitioner" and "to stop all recoupment inconsistent with the law." [DE 17 p. 21]. However, "even [where] the consequences of any past violation may persist, invoking those effects does not transform past state action into an ongoing violation." *Jemsek v. Rhyne*, 662 F. App'x 206, 211 (4th Cir. 2016). And further, the violation for which plaintiff seeks relief plaintiff admits happened *before* she filed the instant complaint, and plaintiff has not alleged that at the time she filed her complaint "responsible state officials were presently violating [her] ongoing rights." *Republic of Paraguay*, 134 F.3d at 628. Accordingly, despite plaintiff's arguments to the

5

contrary, the face of her complaint does not reveal a claim for an ongoing violation for which she seeks only prospective relief. Her official capacity claims are therefore barred by the Eleventh Amendment and appropriately dismissed.

B. *Plaintiff has stated a procedural due process claim against the individual defendants in their individual capacities.*

To succeed on a procedural due process claim, a plaintiff must show "(1) a cognizable 'liberty' or 'property' interest; (2) the deprivation of that interest by 'some form of state action'; and (3) that the procedures employed were constitutionally inadequate." *Iota Xi Chapter Of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir.1988)). Property interests, at issue here, "stem from an independent source such as state law[s] . . . that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). In order to determine whether the procedure provided was constitutionally adequate, "courts consider (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation of that interest given the procedures used, as well as the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest." *Accident, Inj. & Rehab., PC v. Azar*, 943 F.3d 195, 203 (4th Cir. 2019).

This case concerns recoupment procedures employed by defendants after it was discovered plaintiff had been overpaid for a period of approximately ten years. It has been determined by the Office of Administrative Hearings that plaintiff, in fact, received an overpayment of benefits. Plaintiff does not dispute this finding in her complaint.

Defendants contend that plaintiff has failed to allege a property interest which has been deprived. Plaintiff relies on the Supreme Court's holding that "the interest of an individual in

6

continued receipt of [Social Security] benefits is a statutorily created 'property' interest" to argue that she has sufficiently alleged a property interest in her full amount of retirement benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *see also Mallette v. Arlington Cnty. Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 636 (4th Cir. 1996) (due process protections apply to disability retirement benefits); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 317 (M.D. Pa. 2004) ("retiree has a property interest in continued pension payments"). However, [t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. Plaintiff does not allege, nor could she, that she has a property interest in retirement benefits to which she was not entitled. However, the property interest on which plaintiff relies is not an interest in the overpaid benefits, but rather in the continued receipt of full benefits prior to a reduction based upon the state's recoupment procedures. The Court, at this early stage, determines this is a sufficiently alleged property interest.

Plaintiff must also sufficiently allege that the process she received was constitutionally inadequate. Here, plaintiff's complaint and its attachments reveal that she received adequate post-deprivation process. Plaintiff was notified in April 2019, by way of a letter to her son who had responded to the first notice of overpayment on her behalf, that she could appeal the administrative action of the Retirement Systems Division and seek further review. [DE 4-3 p. 28]. Plaintiff was further informed that the administrative review would result in a final agency decision, which would describe further appeal rights. *Id.* Plaintiff did seek review of the administrative action and received a final agency decision. Plaintiff further received post-deprivation due process in her hearing before the Office of Administrative Hearings. [DE 4-4].

7

However, "[i]n situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking." *Zinermon v. Burch*, 494 U.S. 113, 132 (1990). Where the property interest at issue concerns the means to live, such as welfare benefits, an evidentiary hearing is required prior to the termination of benefits. *Goldberg v. Kelly*, 397 U.S. 254, 264 (1970). But the "procedures required to satisfy due process before a cutoff of benefits other than welfare or other benefits constituting the "very means to live" [can] be less than a full evidentiary hearing[, and] absent exceptional circumstances, a person is entitled to some protective procedures, though not necessarily a full evidentiary hearing, before being deprived of liberty or property." *Ortiz v. Regan*, 749 F. Supp. 1254, 1259–60 (S.D.N.Y. 1990).

Plaintiff was afforded no hearing or other meaningful process to challenge the reduction in her benefits *prior* to the commencement of recoupment. In light of the nature of a retirement benefit, which as plaintiff alleges constitutes her "very means to live", the Court determines that she has sufficiently alleged that the process provided was constitutionally inadequate. Accordingly, the Court will permit her procedural due process claim to proceed.

The Court further finds that plaintiff has sufficiently alleged that the individual defendants participated in the alleged deprivation of due process. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). The Court will reserve a more specific holding on this issue for the summary judgment stage on a more developed record.

C. *Plaintiff fails to state a claim for violation of substantive due process rights.*

"[S]ubstantive due process rights arise solely from the Constitution." *Huang v. Bd. of Governors of Univ. of N. Carolina*, 902 F.2d 1134, 1142 n.10 (4th Cir. 1990). To succeed on a substantive due process claim, a plaintiff must demonstrate "(1) that he had property or a property

8

interest; (2) that the state deprived him of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." *Quinn v. Bd. of Cnty. Commissioners for Queen Anne's Cnty., Maryland*, 862 F.3d 433, 443 (4th Cir. 2017) (quoting *Sylvia Dev. Corp. v. Calvert Cty.*, 48 F.3d 810, 827 (4th Cir. 1995)) (alterations omitted).

Because of the availability of internal review as well as a post-deprivation quasi-judicial hearing, plaintiff's substantive due process claim fails, as defendants' "treatment of [plaintiff] is hardly arbitrary when the state has given [plaintiff] the means to correct the errors [s]he alleges." *Mora v. The City Of Gaithersburg, MD*, 519 F.3d 216, 231 (4th Cir. 2008); *see also Richter v. Beatty*, 417 F. App'x 308, 311 (4th Cir. 2011) (finding no substantive due process violation where deprivation "not so unjust that no amount of fair procedure could rectify it."). Accordingly, plaintiff has failed to state a substantive due process claim.

C. *Plaintiff has failed to state an equal protection claim.*

Plaintiff alleges that the overpayment statutes on which the defendants rely to recoup overpayment of benefits treat individuals differently depending on whether a person is a beneficiary of the retirement system or is a current state employee. The Equal Protection Clause "requires that similarly-situated individuals be treated alike." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). In her response to the motion to dismiss, plaintiff clarifies that she is not raising a facial challenge to the recoupment statute, but rather that she is challenging the manner in which the defendants have chosen to implement the statute in regard to plaintiff and those similarly situated. Plaintiff contends that the "manner in which the Defendants have chosen to implement the statute has violated the equal protection rights of plaintiff and those similarly

9

situated to her by relying on whether the employee pushes back against recoupment and then how much recoupment the Defendants are willing to accept." [DE 17 p. 18].

> Laws are presumed to be constitutional under the equal protection clause for the simple reason that classification is the very essence of the art of legislation. *Moss v. Clark,* 886 F.2d 686, 689 (4th Cir.1989)(citing *City of Cleburne,* 473 U.S. at 440, 105 S.Ct. 3249). As such, the challenged classification need only be rationally related to a legitimate state interest unless it violates a fundamental right or is drawn upon a suspect classification such as race, religion, or gender. *City of New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).

*Giarratano*, 521 F.3d at 303 (cleaned up).

None of plaintiff's allegations would support application of a heightened level of scrutiny because she has not alleged the presence of any suspect class or the violation of a fundamental right. Thus, she must sufficiently allege that the challenged legislation is not rationally related to a legitimate state interest. Plaintiff has failed to do so, here.

First, she has not by her allegations, as she must do to show that legislation is not rationally related to a legitimate state interest, "negated every conceivable basis which might support the legislation." *Doe v. Settle*, 24 F.4th 932, 944 (4th Cir. 2022) (quoting *Giarratano*, 521 F.3d at 303). Plaintiff has not alleged that treating current employees and retirees differently or reducing overpayment recoupment percentages only for people who "push back" is not rationally related to a legitimate state interest, i.e., fully recouping the overpayment of retirement benefits. Indeed, there is no place "in rational-basis review to question the wisdom or logic of a state's legislation; rough line-drawing, even 'illogical' or 'unscientific' line drawing, is often necessary to governing." *Settle*, 24 F.4th at 943. Plaintiff has further failed to sufficiently allege that a classification based upon whether a retiree "pushes back" was "intentionally utilized." *Sylvia Dev. Corp.*, 48 F.3d at 819. In sum, plaintiff's burden is high where rational-basis review applies, and

10

she has not sufficiently alleged any violation of the Equal Protection Clause. This claim is therefore properly dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss [DE 9] is GRANTED IN PART and DENIED IN PART. Plaintiff's procedural due process claim against the individual defendants in their individual capacities may proceed. Plaintiff's claims against the individual defendants in their official capacities, as well as her substantive due process and equal protection claims are dismissed.

SO ORDERED, this _17_ day of January 2023.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

11