IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No. 4:22-CV-27

| | |
|---|---|
| PATSY TALLEY,<br><br>Plaintiff,<br><br>v.<br><br>DALE R. FOLWELL, individually and in his official capacity as TREASURER OF THE STATE OF NORTH CAROLINA; TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM (TSERS) OF NORTH CAROLINA; NORTH CAROLINA DEPARTMENT OF STATE TREASURER, RETIREMENT SYSTEMS DIVISION; and the members of the TSERS Board of Trustees both individually and in their official capacity: LENTZ BREWER, JOHN EBBIGHAUSEN, VERNON GAMMON, DIRK GERMAN, BARBARA GIBSON, LINDA GUNTER, OLIVER HOLLEY, GREG PATTERSON, MARGARET READER, JOSHUA SMITH, CATHERINE TRUITT, JEFFREY WINSTEAD, and THE STATE OF NORTH CAROLINA,<br><br>Defendants. | ANSWER AND AFFIRMATIVE DEFENSES |

NOW COME Defendants, by and through their undersigned counsel, and hereby respond to the numbered allegations in the Complaint as follows:

## NATURE OF THE ACTION

1. To the extent that the allegations in Paragraphs 1 through 3 constitute conclusions of law, said conclusions are neither admitted nor denied. As to any remaining allegations set forth in these Paragraphs, Defendants are without sufficient knowledge or information to admit or deny. Thus, for the reasons set forth above, the remaining allegations in Paragraphs 1 through 3 are denied.

## PARTIES, JURISDICTION, AND VENUE

1. It is admitted that Plaintiff is a member of TSERS and that benefits have been paid to Plaintiff. As to any remaining allegations set forth in Paragraph 1, Defendants are without sufficient knowledge or information to admit or deny, and therefore the remaining allegations in Paragraph 1 are denied.

2. The allegations in Paragraph 2 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations are denied.

3. Admitted.

4. Denied.

5. Admitted.

6. Denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. Admitted.

15. Admitted.

16. Denied.

17. Admitted.

18. The allegations contained in Paragraph 18 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations are denied.

19. The allegations contained in Paragraph 19 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations are denied.

## **STATEMENT OF THE FACTS**

20. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 20, and therefore those allegations are denied.

21. It is admitted that Plaintiff participated in TSERS as a full-time employee of the North Carolina school system and accrued retirement benefits. All remaining

allegations contained in Paragraph 21 are denied.

22. It is admitted that Plaintiff, as a TSERS member, had the opportunity to elect to receive an Optional Allowance of her benefits. To the extent that the allegations contained in Paragraph 22 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. As to any remaining allegations set forth in Paragraph 22, Defendants are without sufficient knowledge or information to admit or deny, and therefore the remaining allegations in Paragraph 22 are denied.

23. Admitted.

24. Defendants are without sufficient knowledge or information to admit or deny whether Plaintiff had any reason to question TSERS calculation of the benefits to which she was entitled. Therefore, this allegation is denied. It is further denied that a retiring Employee choosing Option 4 will apply for Social Security benefits at age 62. Therefore, this allegation is denied. Moreover, it denied that the amount drawn from TSERS is reduced once Social Security benefits begin. The remaining allegations of Paragraph 24 are admitted.

25. Admitted.

26. Denied.

27. Denied.

28. It is admitted that TSERS is obligated by a duly enacted law of the State of North Carolina to pursue recoupment of any overpaid benefits. To the extent that any

allegations contained in Paragraph 28 constitute conclusions of law to which no response is required, said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations are denied.

29. Admitted.

30. Admitted.

31. It is admitted that a letter was sent to Plaintiff on March 19, 2019, of which Exhibit 2 to the Complaint appears to be a copy, and that Exhibit 2 speaks for itself. All remaining allegations contained in Paragraph 31 are denied.

32. It is admitted that a letter was sent to Plaintiff on March 19, 2019, of which Exhibit 2 to the Complaint appears to be a copy, and that Exhibit 2 speaks for itself. All remaining allegations contained in Paragraph 32 are denied.

33. It is admitted that on April 8, 2019, Plaintiff's son, Brent Talley, sent an email to Dale Folwell, the Treasurer or North Carolina. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 33, and therefore those allegations are denied.

34. It is admitted that Plaintiff was notified that she could appeal the reduction in an email from Patrick Kinlaw dated April 18, 2019. The remaining allegations of Paragraph 34 are specifically denied.

35. Admitted.

36. It is admitted that Plaintiff's retirement check was reduced beginning April 2019. As to any remaining allegations set forth in Paragraph 36, Defendants are without

sufficient knowledge or information to admit or deny, and therefore the remaining allegations in Paragraph 36 are denied.

37. It is admitted that Plaintiff's retirement benefits were reduced due to an overpayment. To the extent that the allegations contained in Paragraph 37 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. As to any remaining allegations set forth in Paragraph 37, Defendants are without sufficient knowledge or information to admit or deny, and therefore the remaining allegations in Paragraph 37 are denied.

38. It is admitted that on April 24, 2019, Patrick Kinlaw notified Plaintiff that the final agency decision was that the reduction would occur in the amount of 50% of her retirement check, $926.35. To the extent that the allegations contained in Paragraph 38 constitute conclusions of law to which no response is required, these allegations are neither admitted nor denied. To the extent that Defendants are required to respond, these allegations are denied. Defendants specifically deny the remaining allegations set forth in Paragraph 38.

39. It is admitted that Plaintiff filed a Petition in the Office of Administrative Hearings in June 2019 and sough attorney's fees. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 39, and therefore those allegations are denied.

40. It is admitted that on August 26, 2019, Theresa Rogers, Chief of Compliance agreed to reduce Plaintiff's monthly recoupment to 10% of her TSERS monthly benefit.

To the extent that the remaining allegations contained in Paragraph 40 constitute conclusions of law to which no response is required, these allegations are neither admitted nor denied. To the extent that the Defendants are required to respond, the allegations are denied.

41. Admitted.

42. Denied.

43. The allegations contained in Paragraph 43 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations are denied.

44. Denied.

45. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 45, and therefore those allegations are denied. Furthermore, the allegations contained in Paragraph 45 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations in Paragraph 45 are denied.

46. The allegations contained in Paragraph 46 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations in Paragraph 46 are denied.

47. The allegations in Paragraph 47 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To

the extent that Defendants are required to respond, the allegations are denied.

48. Admitted.

49. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 49, and therefore those allegations are denied.

50. The allegations contained in Paragraph 50 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations in Paragraph 50 are denied.

51. The allegations in Paragraph 51 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations are denied.

52. The allegations contained in Paragraph 52 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations in Paragraph 52 are denied.

53. Denied.

54. The allegations contained in Paragraph 54 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations in Paragraph 54 are denied.

55. Denied.

56. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 56, and therefore those allegations are denied.

57. Denied.

58. Denied.

59. Denied.

60. The allegations contained in Paragraph 60 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations in Paragraph 60 are denied.

61. Defendants hereby incorporate and reassert their responses to all the Allegations contained in the preceding Paragraphs of Plaintiff's Complaint.

## COUNT ONE

### Deprivation of Due Process under U.S. Constitution

62. It is admitted that Defendants calculated benefits and paid benefits to Plaintiff. However, the remaining allegations contained in Paragraph 62 constitute conclusions of law to which no response is required, and therefore said conclusions are neither admitted nor denied. To the extent that Defendants are required to respond, the allegations in Paragraph 62 are denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT TWO

### Deprivation of Due Process under N.C. Constitution

The allegations contained in Paragraphs 68-73 have been voluntarily dismissed by Plaintiff [DE 18]. To the extent that Defendants are required to respond, the allegations of Paragraphs 68-73 are denied.

## COUNT THREE

### Deprivation of Equal Protection and Substantive Due Process under U.S. Constitution

The allegations contained in Paragraphs 74-80 have been dismissed by Order of this Court on 18 January 2023. [DE 21]. To the extent that Defendants are required to respond, the allegations of Paragraphs 74-80 are denied.

## COUNT FOUR

### Deprivation of Equal Protection and Substantive Due Process under N.C. Constitution

The allegations contained in Paragraphs 81-88 have been voluntarily dismissed by Plaintiff [DE 18]. To the extent that Defendants are required to respond, the allegations of Paragraphs 81-88 are denied.

## FIRST DEFENSE

At all times relevant herein, Defendants acted in an objectively reasonable manner and did not violate any of Plaintiff's clearly established statutory or constitutional rights. Therefore, qualified immunity bars Plaintiff's federal claims against each Defendant in his or her individual capacity.

## SECOND DEFENSE

At all times relevant herein, Defendants were acting in the course and scope of their official duties as members of the TSERS Board of Trustees, engaging in the discretionary and governmental functions without malice or corruption, and each Defendant is entitled to immunities applicable to a public officer or official, including but not limited to the common law defense of public officer's/ official's immunity. Public official's immunity bars Plaintiff's claims against each Defendant in his or her individual capacity.

## THIRD DEFENSE

North Carolina Gen. Stat. § 135-6(t) provides:

A person serving on the Teachers' and State Employees' Retirement System Board of Trustees shall be immune individually from civil liability for monetary damages, except to the extent covered by insurance, for any act or failure to act arising out of that service, except where any of the following apply:

(1) The person was not acting within the scope of that person's official duties.

(2) The person was not acting in good faith.

(3) The person committed gross negligence or willful wanton misconduct that resulted in damages or injury.

(4) The person derived an improper personal financial benefit, either directly or indirectly, from the transaction.

(5) The person incurred the liability from the operation of a motor vehicle.

N.C. Gen. Stat. § 135-6(t) bars Plaintiff's claims against each Defendant in his or her individual capacity.

## RESERVATION AND NON-WAIVER

Defendants reserve the right to assert and rely on such additional affirmative defenses which may become available or apparent during discovery, further investigations or at trial.

**WHEREFORE,** having responded to the allegations of Plaintiff's Complaint, Defendants respectfully pray the Court that:

1. Plaintiff's claims against Defendants be dismissed in their entirety;
2. Plaintiff have and recover nothing of Defendants;
3. The costs of this action be taxed against the Plaintiff and;
4. Defendants have such other and further relief, as the court shall deem just and proper.

Respectfully submitted, this the 14th day of February, 2023.

                                              JOSHUA H. STEIN
                                              Attorney General

                                              /s/ Marc X. Sneed
                                              Marc X. Sneed
                                              Special Deputy Attorney General
                                              N.C. State Bar No. 26141
                                              N.C. Department of Justice
                                              P.O. Box 629
                                              Raleigh, NC 27602-0629
                                              Telephone: (919) 716-6870
                                              Fax: (919) 716-6755
                                              E-mail: msneed@ncdoj.gov

                                              Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that on 14th February 2023, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Valerie L. Bateman
valerie@newsouthlawfirm.com
NEW SOUTH LAW FIRM
209 Lloyd St., Ste. 350
Carrboro, NC  27510

June K. Allison
june@newsouthlawfirm.com
NEW SOUTH LAW FIRM
233 S. Laurel Ave.
Charlotte, NC  28207

Attorneys for Plaintiff