| | |
|---|---|
| PATSY TALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **EXHIBIT 1** |
| DALE R. FOLWELL, individually and in his ) | |
| official capacity as TREASURER OF THE ) | **PROPOSED PROTECTIVE ORDER** |
| STATE OF NORTH CAROLINA; ) | |
| TEACHERS' AND STATE EMPLOYEES' ) | |
| RETIREMENT SYSTEM (TSERS) OF ) | |
| NORTH CAROLINA; NORTH CAROLINA ) | |
| DEPARTMENT OF STATE TREASURER, ) | |
| RETIREMENT SYSTEMS DIVISION; and ) | |
| the members of the TSERS Board of Trustees ) | |
| both individually and in their official capacity: ) | |
| LENTZ BREWER, JOHN EBBIGHAUSEN, ) | |
| VERNON GAMMON, DIRK GERMAN, ) | |
| BARBARA GIBSON, LINDA GUNTER, ) | |
| OLIVER HOLLEY, GREG PATTERSON, ) | |
| MARGARET READER, JOSHUA SMITH, ) | |
| CATHERINE TRUITT, JEFFREY ) | |
| WINSTEAD, and THE STATE OF NORTH ) | |
| CAROLINA, ) | |
| ) | |
| Defendants. ) | |

THIS CAUSE came to be heard on the joint motion of Plaintiff Patsy Talley ("Plaintiff") and Defendants Dale R. Folwell, Lentz Brewer, John Ebbighausen, Vernon Gammon, Dirk German, Barbara Gibson, Linda Gunter, Oliver Holley, Greg Patterson, Margaret Reader, Joshua Smith, Catherine Truitt, Jeffrey Winstead, all in their individual capacities only ("Defendants") (together with Plaintiff, the "Parties") seeking entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. As the Parties agree to the entry of such an order, the Motion is hereby GRANTED.

NOW, WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Protective Order shall govern the use and dissemination of all information, documents, or materials that are produced in this action (the "Litigation") that are designated as "Confidential" that is not public information under N.C. Gen. Stat. § 135-6.1(c).

2. The term "Confidential," as used in this Protective Order, shall mean: (a) personal identifying information of third parties that is not already in the public domain; (b) information protected from disclosure by contractual obligations with third parties; and (c) personnel or employment records of a person who is not a party to the case.

3. "Confidential" shall also mean information protected from disclosure by statute, including but not limited to N.C. Gen. Stat. § 135-6.1, which makes "[a]ll information other than the information listed in N.C. Gen. Stat. § 136-6.1(c) contained in a retirement file . . . confidential and not open for inspection and examination except" in limited circumstances, including that such information may be released to "[a] party by authority of a proper court order" that a court authorizes to access "a particular confidential portion of a member's retirement file." This Court hereby orders that any information that is confidential pursuant to N.C. Gen. Stat. § 135-6.1 may be disclosed to the parties in this case, and their counsel, if it is otherwise discoverable under the Rules of Federal Procedure.

4. "Confidential" information does not include the information deemed public under N.C. Gen. Stat. § 136-6.1(c). It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it comes within the purview of this definition; or it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. This Order does not apply to publicly available information or information that a Party or Third Party can or does discover outside of formal litigation discovery.

5. Any party to this action or other person or entity, including any third party ("Third Party"), who produces or supplies information, documents, or other materials in the course of responding to interrogatories, responding to requests for production of documents, responding to requests for admission, responding to a third-party subpoena, or otherwise responding to discovery requests of any kind (the "Designating Party") may designate as "Confidential" any such information, document, or material that it reasonably and in good faith believes constitutes or contains information protected under the terms of this Protective Order. Any party to this action may designate a Third Party's production as "Confidential."

6. The "Confidential" designation shall be made at or prior to the time of production of information, documents, or material or as soon thereafter as practicable by writing, typing, or stamping on the document or material containing such information the legend "CONFIDENTIAL." To the extent the parties or any Third Party produces electronic files in native format, a slipsheet for the native document labeled "CONFIDENTIAL" may be produced to indicate the native document is "Confidential".

7. If confidential information is commingled with public information, the burden of designating the confidential information is on the party making the designation.

8. Depositions may be designated "Confidential" by: (a) stating that fact on the record at the deposition, or (b) stating that fact in writing served upon counsel of record within 30 days after receipt of the deposition transcript. If a Designating Party advises the Court reporter that "Confidential" information has been disclosed during a deposition, the Court reporter shall include on the cover page the following indication: "DEPOSITION CONTAINS CONFIDENTIAL INFORMATION — SUBJECT TO A PROTECTIVE ORDER." Within 30 days of receipt of the initial deposition transcript, the Designating Party shall advise opposing counsel of the specific

pages and lines in which Confidential information appears. If counsel for the opposing party has been informed that portions of a deposition transcript have been designated "Confidential," counsel may have immediate access to the deposition transcript but, prior to the page and line designations, shall treat the entire transcript as "Confidential."

9. A Party may oppose the designation of material as "Confidential" information at any time before trial by notifying counsel for the designating party in writing. If the Parties are unable to agree on the protected status of a document or information, they may request an in camera review before the Court, who shall determine the status of the documents and issue an appropriate order.

10. A party that fails to mark an item as "Confidential" at the time of production may later correct its failure in writing, accompanied by substitute copies of each document bearing the appropriate confidentiality legend. Within five (5) days of receipt of the substitute copies, the receiving party shall return, certify the destruction of, or mark as confidential the previously unmarked documents and all copies, and shall subsequently treat such substituted documents as "Confidential."

11. All "Confidential" information will solely be used in connection with this Litigation. However, no Party or Third Party is restricted from using its own Confidential information in any manner that it sees fit.

12. All "Confidential" information shall be subject to the provisions of this Order until further order of the Court or the Parties' written agreement modifying this Order.

13. Except with the prior written consent of the Designating Party, or upon prior order of this Court obtained upon written notice to the Designating Party's counsel, Confidential information shall not be disclosed to any person other than:

4

a. Parties to this Litigation and their counsel, employees of such counsel and persons assigned to assist such counsel in the preparation of this Litigation;

b. Expert witnesses and consultants; to the extent deemed necessary by counsel, for the prosecution or defense of this Litigation;

c. Court reporters; to the extent deemed necessary by counsel, for the prosecution or defense of this Litigation;

d. Any mediator named in an order of this Court;

e. A deponent, prior to or in the course of a deposition, provided that such persons may be shown copies of designated material only during the course of preparation for his or her deposition or in the actual course of a deposition, may not retain any designated material, and must be informed of the confidential nature of the materials; and

f. This Court and its personnel.

14. If a Party wishes to disclose Confidential information to any person not described in Paragraph No. 13 above, permission to so disclose must be requested from the Designating Party in writing. The Designating Party shall respond to the request within 10 days. A failure to object shall be deemed a waiver by the Designating Party, and the party wishing to make the proposed disclosure may do so without violating this Order. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the Party requesting such permission, the Court orders otherwise.

15. Prior to obtaining access to Confidential information, any person to whom Confidential information may be disclosed pursuant to Paragraph No. 13 above, except the Court and its personnel, counsel for the Parties in this Litigation, any court reporter, and any mediator

named in an order by the Court, shall be shown and shall read a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit 1 ("Confidentiality Acknowledgment"). Counsel for the Party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed Confidentiality Acknowledgment and, upon request, shall make it available to counsel of record for the other Parties.

16. Any person receiving Confidential information pursuant to this order shall not reveal to, or discuss such information with, any person who is not entitled to receive such information. In the event that additional parties are added to the Litigation, they must execute a copy of the Confidentiality Acknowledgement and serve on the Parties before they may access any Confidential information.

17. Before filing any information that has been designated "Confidential" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information desires that the materials be filed under seal, then the filing party shall file the materials in accordance with the United States District Court, Eastern District of North Carolina's Local Civil Rule 79.2.

18. Within 60 days after the final disposition of this action, each Receiving Party must return all Confidential information to the Designating Party or destroy such material. Whether the protected material is returned or destroyed, the Receiving Party must submit a written certification to the party that produced the information (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

19. No Party or Third Party shall be deemed to have waived any claims of confidentiality or defenses to an allegation of confidentiality merely because they have stipulated to this Order or provided information under the terms of this Order. No Party shall be deemed to have admitted that any material designated by another Party or Third Party as Confidential information actually constitutes Confidential information.

20. The production, disclosure, or use of Confidential information in accordance with the terms of this Order shall not constitute a waiver by a Party or Third Party of any common interest privilege or exemption from discovery to which such information is subject, and shall not constitute a waiver by a Party or Third Party of any attorney-client, work-product, or other privilege or exemption from discovery with respect to such information in this Litigation or any other Litigation, past, present or future, and shall not constitute a waiver by any Party or Third Party of any protection from disclosure and/or discovery afforded under Chapter 135 of the North Carolina General Statutes.

21. Entry of this Order shall be without prejudice to any application for relief from any restriction imposed by this Order or for any other or further restriction on the production, exchange, or use of any document, testimony, interrogatory response, or other information produced, given or exchanged in the course of pretrial discovery in these actions. However, any Party or Third

Party applying for relief shall give a minimum of three business days' notice, weekends and holidays excluded, of any request for relief.

22. In the event any Party or their counsel subject to this Protective Order inadvertently produces or otherwise discloses materials which it deems to be privileged attorney-client communications, protected by the attorney work-product doctrine, or protected as materials prepared in anticipation of litigation – whether or not marked as "Confidential" – then that producing party may recover those documents as follows:

   a. Within ten (10) days of becoming aware of the inadvertent disclosure of documents and/or materials, which the producing party deems to be privileged attorney-client communications, protected by the attorney work-product doctrine, protected attorney mental impressions, or protected as materials prepared in anticipation of litigation, that producing party shall have the right to recover such materials by requesting the return of the same in writing to the Receiving Parties.

   b. In any such request, the producing party shall: (1) identify the specific bates pages to be recovered; (2) identify the date on which the producing party or its counsel became aware of the inadvertent disclosure; (3) identify the basis for the recovery of the subject materials; and (4) provide substituted versions of the affected materials with all information claimed by the producing party as privileged redacted.

   c. Upon receipt of such a request, all receiving parties shall return the original documents and/or materials, along with all copies in any form, to the producing party or certify the destruction of the same as contemplated in this Protective

Order, and thereafter shall not use the information contained in the affected materials in any way in this litigation, subject to the provisions of subpart "d" of this Paragraph.

d. If a receiving party disputes the claim of privilege or the right to recovery on the part of the producing party, then, after having returned the materials requested under the procedure in this paragraph, the receiving party may seek relief from the Court in the form of a Motion to Compel, at which the producing party shall make available to the presiding judge a copy of the recovered materials for review. The recovered material shall maintain a privileged status unless and until an order compelling the disclosure of those materials is entered by this Court.

23. Nothing herein shall be deemed a ruling or opinion on the discoverability or admissibility of evidence.

24. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.