IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-27-BO

| | | |
|---|---|---|
| PATSY TALLEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| | ) | |
| DALE R. FOLWELL, individually and in | ) | |
| his official capacity as TREASURER OF | ) | |
| THE STATE OF NORTH CAROLINA; | ) | |
| TEACHERS' AND STATE EMPLOYEES' | ) | |
| RETIREMENT SYSTEM (TSERS) OF | ) | |
| NORTH CAROLINA; NORTH | ) | |
| CAROLINA DEPARTMENT OF STATE | ) | |
| TREASURER, RETIREMENT SYSTEMS | ) | |
| DIVISION; and the members of the TSERS | ) | |
| Board of Trustees, both individually and in | ) | |
| their official capacity: LENTZ BREWER, | ) | |
| JOHN EBBIGHAUSEN, VERNON | ) | |
| GAMMON, DIRK GERMAN, BARBARA | ) | |
| GIBSON, LINDA GUNTER, OLIVER | ) | |
| HOLLEY, GREG PATTERSON, | ) | |
| MARGARET READER, JOSHUA SMITH, | ) | |
| CATHERINE TRUITT, JEFFREY | ) | |
| WINSTEAD, and THE STATE OF NORTH | ) | |
| CAROLINA, | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion for judgment on the pleadings

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants

have replied, and in this posture the motion is ripe for ruling. Also pending and ripe for disposition

is plaintiff's motion to amend her complaint. For the reasons that follow, defendants' motion is granted and plaintiff's motion is denied.[1]

BACKGROUND

The Court previously granted in part and denied in part defendants' motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court incorporates the factual background of this action as recited in its prior order as if fully set forth herein. In sum, plaintiff retired as a teacher with the North Carolina public school system and is entitled to vested benefits under the Teachers' and State Employees' Retirement System (TSERS). Through no fault of her own, plaintiff was overpaid benefits for a period of more than ten years. Once that error was discovered, plaintiff received a notice that the overpayment would be recouped pursuant to the procedure provided in N.C. Gen. Stat. § 135-9(b). Plaintiff was told that her monthly benefit would be reduced by approximately fifty percent until the overpayment was recouped. This Court held that plaintiff had plausibly state a procedural due process claim because she was not afforded a pre-deprivation hearing prior to the reduction in her benefits. The Court dismissed plaintiffs remaining claims. After defendants filed their motion to dismiss, plaintiff voluntarily dismissed all claims against defendants State of North Carolina, TSERS, and the North Carolina Department of State Treasurer, Retirement Systems Division. [DE 18]. Plaintiff further dismissed her supplemental state law claims alleging violation of her rights provided by the North Carolina Constitution. *Id.* Thus, the sole remaining claim is for a procedural due process violation which has been alleged against the individual members of the TSERS Board

---

[1] In light of the grant of judgment on the pleadings and the denial of the motion to amend the complaint, this order further resolves several other pending motions.

2

of Trustees in their individual capacities. Plaintiff's complaint has been filed as a putative class action, but no request for class certification has been filed and a class has not been certified.

Following the Court's order on their motion to dismiss, defendants filed their answer to plaintiff's complaint in which they raise the defense of qualified immunity. Defendants then filed the instant motion pursuant to Rule 12(c), seeking judgment on the pleadings in their favor on the issue of qualified immunity. Plaintiff thereafter moved to amend her complaint, seeking to add several additional named plaintiffs. Defendants oppose plaintiff's motion for leave to amend, arguing, *inter alia*, that plaintiff's proposed amendment would violate Fed. R. Civ. P. 20 and otherwise be futile.

DISCUSSION

I.  Motion for judgment on the pleadings

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"

3

and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants seek judgment on the pleadings in their favor solely on the issue of qualified immunity, which they did not raise in their motion to dismiss the complaint.

> The doctrine of qualified immunity shields government officials from liability for civil damages when their conduct does not violate clearly established constitutional or other rights that a reasonable officer would have known. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); *Graham v. Gagnon*, 831 F.3d 176, 182 (4th Cir. 2016). Qualified immunity seeks to balance two interests, namely, the "need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Graham*, 831 F.3d at 182 (quoting *Pearson*, 555 U.S. at 231, 129 S.Ct. 808). To avoid dismissal of a complaint after a qualified immunity defense is raised, a plaintiff must allege sufficient facts to set forth a violation of a constitutional right, and the court must conclude that this right was clearly established at the time of the alleged violation. *Pearson*, 555 U.S. at 232, 129 S.Ct. 808.

*Sims v. Labowitz*, 885 F.3d 254, 260 (4th Cir. 2018). A court has discretion in deciding which prong of the qualified immunity analysis – whether there was a violation of a constitutional right or whether the right was clearly established – to consider first. *Pearson*, 555 U.S. at 236.

In opposition to defendants' motion for judgment on the pleadings, plaintiff raises only procedural objections to the filing of a Rule 12(c) motion raising qualified immunity. Plaintiff contends that defendants have raised qualified immunity via a Rule 12(c) motion to delay the proceedings and take up valuable time in discovery. Plaintiff argues that defendants have not attached or referred to any documents which were not available to them when they filed their Rule 12(b)(6) motion and that the Court has already decided that plaintiff has stated a plausible procedural due process claim. Finally, plaintiff contends that defendants rely on facts which are not alleged in plaintiff's complaint to support their motion, which is inappropriate at this stage of the litigation.

The Court finds plaintiff's procedural objections to the motion for judgment on the pleadings to be without merit. Defendant's Rule 12(c) motion is procedurally proper. It was filed after the close of pleadings and prior to trial, and Rule 12(g), which prevents successive Rule 12(b) motions, expressly does not apply to Rule 12(c) motions. *See* Fed. R. Civ. P. 12(g)-(h); *Alexander v. City of Greensboro*, 801 F. *Supp.* 2d 429, 434 (M.D.N.C. 2011); *see also Chalk v. Lender Process Servs., Inc.*, No. CIV. CCB-13-1593, 2013 WL 6909425, at *3 (D. Md. Dec. 31, 2013) ("courts have taken a permissive approach to Rule 12(g) and allowed those enumerated defenses to be raised at other times, which comports with the underlying purpose of Rule 12(h)(2)—to preserve defenses."). Accordingly, that the defense was available to defendants at the time of the Rule 12(b)(6) motion is of no moment.

Defendant's Rule 12(c) motion does not ask the Court to reconsider whether plaintiff has plausibly alleged a procedural due process claim, and defendants further do not rely on facts which have not been alleged to argue they are entitled to qualified immunity. Contrary to plaintiff's assertion, whether a defendant is entitled to qualified immunity does not require subjective inquiry into what each defendant knew or did not know – rather, the qualified immunity "inquiry turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" *Pearson*, 555 U.S. at 244. Accordingly, the Court determines that it is procedurally proper to consider defendants' Rule 12(c) motion.

As noted above, plaintiff has failed to respond substantively to whether defendants are at this stage entitled to qualified immunity. The Court may thus consider any substantive arguments plaintiff may have made to have been waived. *See United Supreme Council v. United Supreme Council of Ancient Accepted Scot. Rite for 33 Degree of Freemasonry,* 329 F. Supp. 3d 283, 292

(E.D. Va. 2018) ("Failure to respond to an argument made in a dispositive pleading results in a concession of that claim.").

Defendants rely on *Swanson v. Powers*, 937 F.2d 965 (4th Cir. 1991), to argue that they are entitled to qualified immunity because, taking plaintiff's allegations as true, defendants followed state law in attempting to recoup the overpayment and every reasonable official would not have understood that doing so violated a constitutional right. "A right is clearly established if the contours of the right are sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 185 (4th Cir. 2018) (cleaned up, citation omitted). In *Swanson*, the court of appeals held that "[r]arely will a state official who simply enforces a presumptively valid state statute thereby lose her immunity from suit." *Id.*, 937 F.2d at 969. *Swanson* thus stands for the proposition that "a state official cannot be responsible for carrying out the state law as it exists at the time even if the law is later declared unconstitutional." *Mom's Inc. v. Weber*, 951 F. Supp. 92, 94 (E.D. Va. 1996).

The property interest of which plaintiff alleges she was deprived without due process is her continued receipt of full retirement benefits prior to a reduction in those benefits pursuant to the state's recoupment procedures. Although plaintiff received post-deprivation process, the Court determined at the Rule 12(b)(6) stage that plaintiff had plausibly alleged that the lack of *pre*-deprivation process violated plaintiff's procedural due process rights.

The acts allegedly taken by the individual defendants in recouping the benefit overpayment without affording plaintiff a pre-deprivation hearing or other process were taken pursuant to N.C. Gen. Stat. § 135-9(b), which provides that any overpayment or erroneous payment to a member of a retirement system administered by the state "may be offset against any retirement allowance, return of contributions or any other right accruing under this Chapter to the same person, the

6

person's estate, or designated beneficiary." *Id.*; Compl. ¶ 65. North Carolina law further requires state agencies to pursue repayment of state funds that have been overpaid and prohibits them from forgiving any overpayment. N. C. Gen. Stat. § 143-64.80; *Moss v. N.C. Dep't of State Treasurer, Ret. Sys. Div.*, 282 N.C. App. 505, 511, (2022).

Accordingly, even assuming, without deciding, that the lack of pre-deprivation process prior to a reduction in plaintiff's retirement benefit amounts to a violation of her procedural due process right, it is not apparent that such a right was clearly established, and thus defendants are entitled to qualified immunity. Again, for a right to be clearly established, it must be "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). Following North Carolina law regarding recoupment of overpaid retirement benefits would not cause a reasonable officer to know that his conduct was unlawful. Indeed, "[a]bsent extraordinary circumstances, . . . liability will not attach for executing the statutory duties one was appointed to perform." *Swanson*, 937 F.2d at 969. Plaintiff has not come forward to argue that any extraordinary circumstances exist or that there are any persuasive arguments which would caution against a finding of qualified immunity. Defendants' Rule 12(c) motion is therefore granted.

II.     Motion to amend

Plaintiff seeks to amend her complaint to add four additional plaintiffs. Plaintiff contends that these additional plaintiffs have all been similarly deprived of due process through the state's recoupment procedure.

Generally, leave to amend a complaint should be freely given where justice so requires. Fed. R. Civ. P. 15(a). However, leave may be denied where the amendment would be prejudicial to the opposing party, where there has been bad faith on the part of the moving party, or when the

amendment would be futile. *Johnson v. Oroweat Food Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is "futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (citation omitted).

The scheduling order entered in this case provides that the deadline to amend pleadings and join parties was July 31, 2023. [DE 31]. Plaintiff nonetheless filed the instant motion to amend on November 15, 2023. [DE 37]. After she filed her motion to amend her complaint, plaintiff filed a motion to amend the scheduling order, seeking a five-month extension of all deadlines due to defendants' alleged desire to delay discovery; her motion to amend the scheduling order is silent as to why an extension of the deadline to add parties and amend pleadings is necessary. [DE 42]. Plaintiff's motion to amend her complaint is also procedurally deficient, as plaintiff failed to attach to her motion to amend a proposed amended pleading duly signed with all attachments and a form of the amended pleading which indicates how it differs from the original pleading. Local Civil Rule 15.1(a). Though plaintiff has filed a red-lined version of the proposed amended complaint in reply, she has failed to file a complete proposed amended complaint which could be filed.

Moreover, and contrary to plaintiff's argument, because plaintiff filed her motion to amend her complaint after the deadline imposed by the scheduling order expired, she must demonstrate good cause for modifying the scheduling order under Rule 16(b)(4) before the Court considers whether to grant leave to amend her complaint under Rule 15(a). *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("after the deadlines provided by a scheduling order have passed, the good cause standard *must* be satisfied to justify leave to amend the pleadings.") (emphasis added); *see also Johnson v. United Parcel Serv., Inc.*, 839 F. App'x 781, 782 (4th Cir. 2021) (same).

> Rule 16(b)'s "good cause" standard focuses on the timeliness of the amendment and the reasons for its tardy submission. Because a court's scheduling order " 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril,' " *Potomac Electric Power Co. v. Electric Motor Supply, Inc.,* 190 F.R.D. 372, 375–376 (D.Md.1999), *quoting Gestetner v. Case Equipment Co.,* 108 F.R.D. 138, 141 (D.Me.1985), a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order.

*Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002). Plaintiff has failed to demonstrate good cause for extending the deadline to add parties and amend the pleadings. Plaintiff's reply to her motion to amend her complaint states that "there is good cause to amend the scheduling order due to Defendants' refusal to provided [sic] substantive responses to discovery and because Plaintiff Talley was not aware of the existence of the four proposed co-plaintiffs until after her Complaint was filed." [DE 46 p. 4]. However, as is evidenced by an email from plaintiff's counsel in June 2023, well-before the expiration of the deadline to seek to amend pleadings and join parties, plaintiff's counsel indicated that she would be filing a motion to amend to add two party-plaintiffs. [DE 45-1]. Therefore, plaintiff was aware of at least two of the plaintiffs she presumably now seeks to add to her complaint months prior to filing her motion to amend her complaint. Plaintiff's general arguments regarding discovery responses and lack of knowledge of these additional plaintiffs until after her complaint was filed, which occurred in March 2022, are simply insufficient to demonstrate good cause.

However, even if the Court were to conclude that plaintiff had demonstrated good cause, it would deny plaintiff's motion to amend her complaint. Plaintiff seeks to add four plaintiffs who she contends were also subjected to unconstitutional recoupment procedures by the State of North Carolina. The property interest at issue in plaintiff's remaining procedural due process claim is her interest in the continued receipt of her full monthly TSERS retirement benefit prior to a reduction based on the state's recoupment procedures. The proposed new plaintiffs do not allege deprivation

of the same property interest. The proposed new plaintiffs complain regarding a contributory death benefit and disability benefits, which are separate benefits from the retirement benefits complained about by plaintiff and further are not alleged to be managed by the individual defendants who are all members of the TSERS Board. Rule 20 requires that plaintiffs each claim a right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[.]" Plaintiff's proposed amended complaint alleges that each proposed new plaintiff also was denied due process in the recoupment procedure used by the state, but the bare allegations regarding the proposed plaintiffs do not demonstrate that their claims arise from the same transaction or occurrence as plaintiff Talley. Moreover, the bare allegations regarding the proposed plaintiffs in the proposed amended complaint do not plausibly allege that these defendants would not also be entitled to qualified immunity for those reasons outlined in § I. The Court therefore denies plaintiff's motion to amend her complaint.

III.    Motion to seal

Non-party Department of State Treasurer, Retirement Systems Division has moved to seal certain pages of an exhibit attached to plaintiff's motion to compel which contains pages from a letter authored by a compliance officer at the Office of the State Treasurer. The moving party contends that this letter falls squarely within the definition N.C. Gen. Stat. § 135-1(7b) and is therefore shielded from public disclosure by N.C. Gen. Stat. § 135-6(r). Section 135-6(r) requires that any fraud and compliance investigation remain confidential, subject to court order.

"The common law presumes a right to inspect and copy judicial records and documents." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (internal citations omitted). Where a party seeks to seal documents not in connection with dispositive motions, the common law presumption of access applies. *Id.* This right of access may be overcome by

countervailing interests which heavily outweigh the public's interest in access. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The motion to seal has been pending on the Court's docket and no opposition has been filed by any non-party or member of the public.

Plaintiff makes no persuasive argument that this document should remain on the public docket. The moving party is *not* a party to this lawsuit as it has been dismissed, and several courts have applied state confidentiality laws to seal records of non-parties. *See Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *10 (E.D.N.C. Dec. 11, 2014). The document moving party seeks to seal also does not appear relevant to plaintiff's motion to compel, to which it was attached, as it was not attached to plaintiff's amended version of the same document which is the subject of the motion to compel. *See* [DE 48 p. 6 n.1]. Finally, plaintiff's contention that the motion to seal is designed to delay discovery is plainly without merit; whether a document should be sealed on the public docket does not have any impact on the course and scope of discovery.[2]

In sum, the moving party has demonstrated that the document identified at pages twelve through eighteen of [DE 47-2] should be sealed. The Clerk of Court is unable, however, to seal only selected pages of a filing. Accordingly, the Court directs the Clerk to seal [DE 47-2] and orders plaintiff to file a redacted version without pages twelve through eighteen within five days of the date of entry of this order.

CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion for judgment on the pleadings [DE 34] is GRANTED and plaintiff's motion to amend her complaint [DE 37] is DENIED. In light

---

[2] Plaintiff has filed a motion for leave to file a surreply to address the moving party's reply. The Court, in the exercise of its discretion, denies the motion.

of the foregoing, the motion to stay discovery pending resolution of the motion for judgment on the pleadings [DE 40], motion to amend the scheduling order [DE 42], motions to compel [DE 47 & 49], motion for protective order [DE 53], and the motion to deem response to motion to compel timely filed [DE 60] are DENIED AS MOOT. The motion to seal confidential information filed by plaintiff at [DE 47-2] filed by non-party Department of State Treasurer, Retirement Systems Division [DE 52] is GRANTED. Plaintiff's motion for leave to file a surreply [DE 58] is DENIED. Plaintiff shall file a redacted version of [DE 47-2] in accordance with the foregoing within five (5) days of the date of entry of this order.

The Clerk is DIRECTED to enter judgment in favor of defendants and close this case.

SO ORDERED, this 20 day of February 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

12